UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 3:09CR63(EBB) |
| | : | |
| ALFONSO REID | : | |

## RULING ON PENDING MOTIONS

The defendant, Alfonso Reid ("Reid") moves to sever count one of the indictment, which charges him with a violation of 18 U.S.C. § 922(g)(1) (being a convicted felon in possession of a firearm and ammunition), from the other five counts of the indictment, which charge him with possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). According to Reid, severance of the felon in possession count is necessary to prevent undue prejudice because, while evidence of his prior felony convictions is admissible to prove the felon in possession charge, that evidence would not be admissible to prove the narcotics counts. He maintains that the jury will not be able to disregard the inherently prejudicial evidence that he is a convicted felon when determining his guilt or innocence on the narcotics charges, and thus severance of the felon in possession charge is required to assure him a fair trial. The court disagrees.

Reid is correct that the fact that he is a convicted felon is an essential element of the felon in possession charge. He is also correct that evidence of this fact is irrelevant and prejudicial vis-a-vis the narcotics charges. But severance is not the only effective ameliorative procedure to protect a defendant from such prejudice.

As the Second Circuit has instructed, there are certain precautions that a district court may take to protect the defendant in such circumstances. Specifically, the court may deliver a curative, limiting instruction to the jury at the time the evidence of the prior conviction is introduced, and may repeat the instruction in its charge to the jury, explaining that it may only use the evidence of the prior conviction to satisfy the prior conviction element of the felon in possession charge and for no other purpose whatsoever. When the district court issues such an instruction, courts "must presume that a conscientious jury will only use the proof of the prior conviction to satisfy the element of the crime." United States v. Gilliam, 994 F.2d 97, 100 (2d Cir. 1993); see Zafiro v. United States, 506 U.S. 534, 540-41 (1993) (holding that juries are presumed to follow such instructions).

In addition, the evidence of the prior conviction should be narrowly tailored to *the fact of the conviction itself.* United States v. Belk, 346 F.3d 305, 311 (2d Cir. 2003) (explaining that "the *underlying facts* of the conviction . . . are completely irrelevant to § 922(g)(1)" because "[t]he jury has no need to know the nature of the prior conviction. All that [the jury] needs to know . . . is that there was a prior conviction sufficient to sustain that element of the [§ 922(g)(1)] crime) (quoting United States v. Gilliam, 994 F.2d 97, 100 (2d Cir. 1993) (alteration and emphasis in original). This is often accomplished by introducing the fact of the prior conviction in a one sentence stipulation stating only that the defendant was previously convicted in state court of a crime punishable by imprisonment for a term exceeding one year. Id. In this case, the government has agreed to such a sanitized stipulation as to Reid's status as a felon.

Because there is no claim that the counts are not properly joined under Rule 8(a), and because the Court will take such appropriate prophylactic curative measures to insure that the

jury will not be unduly influenced by evidence of the defendant's prior conviction, the defendant will not suffer substantial prejudice and his right to a fair trial will not be jeopardized by declining to sever count one from counts two through six of the indictment..

**Conclusion**

For the foregoing reasons, the defendant's motion for severance [doc. # 102] is DENIED.

SO ORDERED.

/s/
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut, this 22nd day of October, 2010.