UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:09-cr-63 (EBB) |
| | : | |
| v. | : | |
| | : | |
| ALFONSO REID, a.k.a. "FONZIE" | : | December 1, 2010 |

## RULING ON GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF MISIDENTIFICATION IN PHOTO ARRAY

The government has filed a motion in limine regarding the admissibility, through the testimony of Special Agent John Dion of the ATF, of a cooperating witness' ("CW") initial photo array identification of a person other than the defendant. The defendant, through his counsel, has orally objected to the government's motion on the grounds that the identification is inadmissible hearsay and violates his Sixth Amendment right to confront witnesses against him. For the following reasons, the government's motion is GRANTED.

The defendant has been charged with several offenses related to the sale of narcotics and a firearm. The following facts, as alleged by the government, are relevant to the disposition of the motion presently before the Court: The CW is an individual who was working with the ATF and informed Special Agent Dion that he could purchase heroin from an African American male named "Fonzie." Dion then showed the CW a photo array which included an individual named "Fonzie Davis," whom the CW identified as the person from whom he could purchase heroin. Subsequently, Dion discovered that Fonzie Davis had been incarcerated in West Virginia at all

1

relevant times in the investigation and since 2006. Following this discovery, Dion showed the CW a second photo array. The CW, by that time having engaged in several controlled purchases, identified the defendant as the person from whom he had purchased heroin.

The government only seeks to admit the CW's initial photo identification, in which the CW identified Fonzie Davis as the person from whom he could purchase heroin.[1] Apparently motivated by concern that the CW may become unavailable to testify, the government wishes to clarify whether, in the event of the CW's unavailability, the admission of this identification through Agent Dion would run afoul of the Sixth Amendment's confrontation clause. In Crawford v. Washington, 541 U.S. 36, 68 (2004) our Supreme Court held that where the admissibility of testimonial hearsay is at issue, the right to confrontation enshrined in the Sixth Amendment demands both that the witness be unavailable *and* that the defendant have had a prior opportunity for cross-examination. The government concedes that "[t]he act of selecting a photograph from a photo array if offered for the truth is hearsay," and, for the limited purposes of this motion, that "the act of selecting a photograph from a photo array is testimonial." The government contends, however, that the confrontation clause issues identified in Crawford would not be implicated in the present case because "the statement [namely, the initial identification of Fonzie Davis] is not offered for [its] truth but is relevant to explain the ATF agents' state of mind and the course of their subsequent investigative actions."

---

[1] The court accepts the government's representations that it does not plan to submit evidence of the second photo array in which the CW did identify the defendant. Accordingly, the Court makes no determination as to the admissibility of such evidence through anyone other than the CW himself.

2

The Second Circuit has recognized that "in some instances, information possessed by investigating agents is received at trial not for the truth of the matter, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions." United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994). The mere identification of a relevant non-hearsay use of such evidence, however, "is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated *with significant resultant prejudice*." (Emphasis added.) Id.

In the present case, the out of court statement which the government wishes to admit is an identification of a person *other than the defendant*. The government's motion is therefore granted because the admission of such evidence would cause no prejudice to the defendant whatsoever. It impossible to conceive how an identification of an individual other than the defendant is prejudicial to the defense; quite to the contrary, an identification of another person would appear to be quite helpful to the defendant's case. Because the admission of the photo identification is not prejudicial in the least, the government's motion is GRANTED.

SO ORDERED this 1st day of December, 2010, at New Haven, Connecticut.

/s/ Ellen Bree Burns, SUSDJ

Ellen Bree Burns
Senior United States District Judge

3